IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA            Case No. 19-PWG-0140

v.

ADAM MARTIN

APPEAL OF DETENTION ORDER AND REQUEST FOR
IMMEDIATE HEARING AND, FOLLOWING THAT, RELEASE

      Comes now the Defendant, by and through his counsel, Gary E. Proctor, and requests that this Court schedule an immediate hearing and, following said hearing, Order Defendant's immediate release. In support thereof, Mr. Martin states as follows:

      1.      Mr. Martin is charged with participating in a controlled dangerous substance conspiracy. 21 U.S.C. § 841, 21 U.S.C. § 846.

      2.      Mr. Martin had a detention hearing before the Honorable Judge Gesner on June 25, 2019. At that time, he was ordered detained. ECF 71.

      3.      In the past several months, the world has been experiencing the outbreak of a novel coronavirus, a respiratory disease. While initially, cases were linked to live-animal markets, indicating an animal-to-person spread, a growing number of patients have had no link to live animal markets, indicating person-to-person spread of the disease. While it is possible to suffer only mild symptoms, studies from China, where the outbreak has been most severe, indicate that about 16% of people who have been infected with the disease have experienced severe symptoms. On January 30, 2020, the International Health Regulations Emergency Committee of the World Health Organization declared a "public health emergency of

international concern." On January 31, 2020, the United States declared a public health emergency.[1]

4.     Older adults and people with serious chronic medical conditions, such as heart disease, diabetes, and lung disease, are at a higher risk of getting very sick from the COVID-19. The Centers for Disease Control and Prevention recommends that those at an elevated risk of getting very sick from COVID-19 take everyday precautions to keep space between themselves and others, avoid crows, and stay home as much as possible to further the risk of being exposed.[2]

5.     The disease has begun to spread at an alarming rate in the United States. Two weeks ago, only 15 people had been diagnosed in the United States with COVID-19. The number is now over 1,000. In the New York suburb of New Rochelle, the number has gone from one case to over 110 at an alarming rate. While the United States has focused on containment, experts agree that the focus must shift from containment to mitigation, meaning that instead of attempting to stop the individual transmission, we must instead focus on implementing social interventions of social distancing. Already, major events are being cancelled all over the United States.[3]  Just this afternoon, Governor Hogan declared a state of emergency, and Baltimore City closed all schools until further notice.  Additionally, this Court has continued all trial criminal and civil for at least two (2) weeks.

---

[1] *See* Centers for Disease Control and Prevention, *Coronavirus Disease 2019 (COVID-19) – Summary* (March 11, 2020), available at: https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/high-risk-complications.html

[2] *See* Centers for Disease Control and Prevention, *Coronavirus Disease 2019 (COVID-19) – People at Higher Risk* (March 11, 2020), available at: https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/high-risk-complications.html

[3] *See* Dr. Leana S. Wen, *Coronavirus: U.S. must shift from containment to aggressive mitigation | COMMENTARY*, Baltimore Sun (March 11, 2020), available at: https://www.baltimoresun.com/opinion/op-ed/bs-ed-op-0313-coronavirus-bold-action-20200311-yvnnahjcmfbzjghiahcyfcp4tm-story.html.

6. As COVID-19 spreads throughout the United States, observers have noted that the danger of infection is particularly high in jails and prisons. Because of the spread and scale of COVID-19, the congregate setting of jails will undoubtedly make the virus more difficult to contain. Further, it is impossible to completely stop any movement between people on the outside and those on the inside, as jails cannot operate without staff, who cannot be forced to stay in the jail.[4]

7. In addition to the risk of infection, the coronavirus leads to a risk of the worsening of pretrial conditions. All contact visits have been cancelled at Chesapeake Detention Facility, which means no visitation with friends and family. Lawyers are being encouraged to decrease the amount of visits with their incarcerated clients, and jails are instituting lockdowns.[5] Again, in the last few hours, all legal visits have been suspended within the Maryland Department of Corrections. Counsel for Mr. Martin visited him this afternoon, and was only allowed a noncontact visit. Chesapeake Detention Facility was unwilling to walk paperwork to Mr. Martin, claiming they could not know what could be on the paperwork; the room was very hot; and the phone that is used to speak with him showed no signs of cleanliness.

8. As stated previously, every single medical expert has noted that people with pre-existing conditions are likely to be the most severely affected by coronavirus. For example, Maryland highlights particular danger to those with "cancer, diabetes, heart disease or other conditions impacting the ability of the body's immune system to fight germs."[6] Why this is

---

[4] *See* Premal Dharia, *The Coronavirus Could Spark a Humanitarian Disaster in Jails and Prisons*, Slate (March 11, 2020), available at: https://slate.com/news-and-politics/2020/03/coronavirus-civil-rights-jails-and-prisons.html
[5] *See* Dharia *supra*.
[6] See https://health.maryland.gov/docs/coronavirus_FAQ.pdf

3

germane is that Mr. Martin has asthma, diabetes and high blood pressure. As such, he is a poster child for a person most likely to be severely affected by COVID-19.

9.  It is axiomatic that an incarcerated person cannot socially isolate. Mr. Martin will be compelled to be around others, and powerless to stop transmission of the disease to him, with likely severe, and potentially fatal, health risks.

10. A Pre-plea Criminal History was Ordered by this Court and completed by United States Probation Officer Edwin Encarnacion on August 7, 2019. While, admittedly, Mr. Martin has a lengthy criminal history, there are no crimes of violence in his history.[7] There is *not even an arrest* for a crime of violence.

11. Counsel is appealing Judge Gesner's Order of Detention. The global pandemic is without parallel in a century. Mr. Martin is especially at risk due to his health. It is inconceivable that the Chesapeake Detention Center will not be severely affected by COVID-19. Staff are likely to be sick, the facility's medical staff overwhelmed, and local hospitals unwilling to take inmates, even if there were sufficient officers to transport them. The Republic of Iran has freed 70,000 prisoners to mitigating the spreading of the disease.[8]

12. Mr. Martin is requesting house arrest with 24/7 electronic monitoring. He can and will reside with his wife, and the court will constantly know his whereabouts. If this is Ordered, he can drastically reduce his contact with other persons, while ensuring both his safety and that of the community. Mr. Martin is not a flight risk, he is a lifelong Baltimore resident, and

---

[7] There are two convictions involved firearms, but nothing involving the discharging or threatening of someone with a weapon.
[8] See https://www.aljazeera.com/news/2020/03/urges-iran-free-political-prisoners-coronavirus-spread-200310184750920.html

4

has no place to go.  In the event he is to get sick, he would also have much more access to healthcare in the community.

14. At a hearing in this matter, counsel is requesting that the current warden, and the director of health services at CDF be Ordered to appear, and that they bring all procedures in place in relation to their COVID-19 preparedness.  The undersigned will issue the necessary subpoenas following the setting of a hearing date in this matter.

14. "If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.  The motion shall be determined promptly."  18 U.S.C. § 3145(b).  Such a review if *de novo*.  *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992); *United States v. Stewart*, 19 Fed. Appx. 46, 47 (4th Cir. 2001).  Thus, this Court makes "an independent determination of the proper pretrial detention or conditions of release."  *Stewart*, 19 Fed. Appx. at 47.

15. Section 3142(f) expressly authorizes reopening the detention hearing when material information "that was not known to the movant at the time of the hearing" comes to light. Thus, the D.C. Circuit upheld the reopening of a detention hearing when the government sought to put in evidence a ruling on a suppression motion made after the original hearing. *United States v. Peralta,* 849 F.2d 625, 626-27 (D.C. Cir. 1988). However, courts have interpreted this provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the hearing.  Clearly, no one could have predicted a worldwide pandemic at the time of the hearing before Judge Gesner.

16. Due to the rapidly worsening health situation, nationwide, counsel is requesting that this Court schedule a hearing as soon as possible.

March 12, 2020

                                             Respectfully submitted,

                                             _____/s/_____
                                             Gary E. Proctor
                                             The Law Offices of Gary E. Proctor, LLC
                                             8 E. Mulberry Street
                                             Baltimore, Maryland 21202
                                             (410) 444-1500 (tel.)
                                             (443) 836-9162 (fac.)
                                             garyeproctor@gmail.com

                                             *Attorney for Defendant.*

## CERTIFICATE OF SERVICE

I hereby certify that I have filed this motion using CM/ECF which will serve it on all parties.

                                             _____/s/_____
                                             Gary E. Proctor