IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Case No. 19-cr-0140-PWG |
| **ADAM MARTIN,** | * | |
|     Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Adam Martin's Emergency Motion for Temporary Release Pending Sentencing, ECF No. 394. The Government filed an opposition, ECF No. 400, and Mr. Martin a supplement, ECF No. 405. Mr. Martin is currently awaiting sentencing after entering a guilty plea to one count of conspiracy to distribute 280 grams or more of cocaine, in violation of 21 U.S.C. § 846. ECF No. 387. The parties entered a Fed. R. Crim. P. 11(c)(1)(C) agreement that the appropriate sentence in this case is no less than 150 months and no greater than 180 months; Mr. Martin is scheduled to be sentenced on April 6, 2021. ECF Nos. 387, 401. For the following reasons, Mr. Martin's motion is DENIED.

### Discussion

In his motion, Mr. Martin requests that I release him to temporary home confinement pending sentencing due to the recent surge of COVID-19 cases among inmates and staff at Baltimore's Chesapeake Detention Facility ("CDF"), where he is detained. Mr. Martin states that his medical conditions (obesity, asthma, diabetes, hypertension, and blood abnormalities) warrant release pending sentencing, and constitute a "compelling reason" for temporary release under 18

1

U.S.C. § 3142(i). ECF 394 at 1, 3. Upon being sentenced, Mr. Martin states he would self-surrender to his designated Bureau of Prisons facility. *Id.* at 12. Further, Mr. Martin's supplement states that he is one of among the 136 positive COVID-19 cases discovered at CDF this year and he is now in quarantine, a result of which is strained communication with defense counsel. ECF No. 405.

In support of his motion for temporary release, Mr. Martin argues that we now know more about COVID-19 co-morbidities than when he last petitioned the Court for release in March, 2020 via a motion for review of Chief Magistrate Judge Gesner's order of detention, ECF No. 71. Mr. Martin filed his appeal of Chief Judge Gesner's order at the onset of the pandemic and, after the motion was fully briefed, I affirmed Chief Judge Gesner's decision to detain Mr. Martin. ECF No. 209. Mr. Martin cites scientific findings that hypertension is the most common comorbidity in cases of severe COVID-19. ECF No. 394 at 5 (citing Mostaured Khan, et al., J. Global Health, *Effects of Underlying Morbidities on the Occurrence of Deaths in COVID-19 Patients: A Systematic Review & Meta-Analysis* (Aug. 18, 2020), available at https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7567434/.). Mr. Martin also cites a study finding hypertension and obesity are the primary co-morbidities present in COVID-19 hospitalizations. *Id*. at 6 (citing CDC, COVID-NET: COVID-19 Laboratory-Confirmed Hospitalizations – Preliminary Data as of October 31, 2020: Selected Underlying Medical Conditions, Available online at: https://gis.cdc.gov/grasp/covidnet/COVID19_5.html)

As to the Bail Reform Act factors listed in 18 U.S.C. § 3142(g),[1] Mr. Martin argues that while he pleaded guilty to a serious drug offense, he is not alleged to have used a firearm in

---

[1] Those factors are: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including—

connection with this case (despite law enforcement having seized firearms along with the narcotics during the execution of a search warrant on a location connected to Mr. Martin). Due to his guilty plea, Mr. Martin concedes the evidence here is sufficient to convict him. And as to his history and characteristics, Mr. Martin notes he is a lifelong Baltimore resident who has never been convicted of a crime of violence. The final point Mr. Martin argues is his dangerousness, or, in his view, lack thereof. Mr. Martin proposes (as an alternative to releasing him to his West Baltimore neighborhood) that I impose home confinement with a friend in Cockeysville, MD, a town north of Baltimore City. ECF No. 394 at 9.

To support his argument that he presents extraordinary circumstances warranting release, Mr. Martin relies on a decision from Judge Blake in *United States v. Creek*, where Judge Blake found the defendant's risk from COVID-19 amounted to a compelling reason for temporary release. Mem. Opinion, *United States v. Creek*, Crim. No. CCB-19-36, ECF No. 421 (May 1, 2020). The circumstances in that case are similar to those here in that both Mr. Creek and Mr. Martin have COVID-19 risk factors, such as asthma (and now COVID-19, in Mr. Martin's case); both were charged in drug distribution conspiracy cases where firearms were present; both defendants face substantial sentences; and both defendants have significant criminal histories. And

---

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.
18 U.S.C. § 3142(g).

to mitigate any risk of danger to the community, Mr. Martin proposes stringent conditions of release, including constant home confinement. ECF 394 at 11.

In its opposition, the Government argues that 18 U.S.C. § 3143(a)(2) precludes Mr. Martin's release because that provision requires detention pending sentencing unless a) there is a substantial likelihood a motion for new trial or acquittal will be granted, b) the Government is not recommending a sentence of imprisonment, and c) the Court finds by clear and convincing evidence that the defendant is unlikely to flee or pose a danger to others. Under the plea agreement, the first two preconditions cannot be met and, therefore, according to the Government, Mr. Martin cannot be released.

The Government also points to the § 3142(g) factors, which govern release pending trial, and argues that they militate in favor of continued detention pending sentencing. ECF No. 400 at 3–4. Specifically, the Government stresses that the nature and circumstances of the underlying offense—a 17-defendant drug trafficking conspiracy resulting in recovery of five firearms and over 200 grams of cocaine base—demonstrate Mr. Martin's dangerousness to the community. Additionally, the Government notes Mr. Martin's criminal history, which includes multiple drug distribution and firearm offenses that date back to the late 1990s. *Id*. at 4–5. Such criminal history, the Government argues, suggests Mr. Martin will remain a danger to the community if released, even under strict conditions.

I agree with the Government and therefore deny the motion. Mr. Martin is facing over a decade in prison and has criminal history that is both troubling and recurring. In the first instance, he cannot overcome the presumption of detention pending sentencing in § 3143 because he pleaded guilty and is facing a significant period of incarceration. In Judge Blake's case, *United States v. Creek*, the defendant there did not have to overcome this significant hurdle.

But even on the grounds Mr. Martin suggests I could release him, under § 3142(i), I find that he has not made the requisite showing of a "compelling reason" to justify release. I acknowledge the severity of the COVID-19 pandemic, Mr. Martin's positive diagnosis, and the possibility of severe illness such a diagnosis could have for someone detained at CDF with Mr. Martin's medical conditions. But I also must acknowledge that, based on a review of Mr. Martin's medical records submitted by defense counsel, he appears to have received adequate medical treatment during the course of his incarceration and his medical conditions do not appear dire. For example, his diabetes was noted as stable and asthma as "mild intermittent" during a July 3, 2019 chronic care visit. ECF No. 394-1 at 5. Notes from that same visit observed that an inhaler relieved his asthma symptoms. *Id.* My review of the medical records does not indicate any history of Mr. Martin having difficulty obtaining needed medical care.

Mr. Martin's recent diagnosis is relevant, but it is not dispositive. What Mr. Martin fails to demonstrate is the severity of his illness or that CDF is failing to provide him adequate treatment. This lack of information (which may be difficult for defense counsel to obtain due to Mr. Martin's placement into quarantine), combined with both the lengthy sentence Mr. Martin faces pursuant to a guilty plea and his history of trouble with the law, cut against finding a compelling reason for release at this time.

However, while Defense counsel submitted medical records with the initial motion, Defense counsel has not, at no fault of his own, submitted current medical records detailing Mr. Martin's illness or course of treatment since his testing positive for COVID-19. Accordingly, I will order production of additional records that will provide details about Mr. Martin's current condition and treatment. Upon receipt of the records—which may take some time due to present conditions at CDF—I will reconsider whether a modification to this order is required.

## **Conclusion**

For all the above reasons, I find Mr. Martin has failed to demonstrate a compelling reason sufficient to justify release at this time.  Therefore, his motion, ECF No. 394, is DENIED.

## **ORDER**

Accordingly, it is this 8th day of February, 2021, hereby ORDERED that Defendant's Emergency Motion for Temporary Release, ECF. No. 394, IS DENIED.

/S/
Paul W. Grimm
United States District Judge
